IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAYNE A. CORIASCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 03-4064-GPM |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, VERIZON NORTH, INC., GTE ) | |
| NORTH, INC., GTE SERVICE ) | |
| CORPORATION, and VERIZON ) | |
| COMMUNICATIONS, INC., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff originally filed suit in state court, and on March 25, 2003, the action was removed to this Court under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 101. In her amended complaint, Plaintiff claims that she was wrongfully denied disability insurance benefits (Count I), she was wrongfully denied disability pension benefits (Count II), and Defendants breached their fiduciary duties in terminating her (Count III). The Court granted summary judgment on the breach of fiduciary duties claim (Count III) during a hearing held on February 7, 2005. Defendants subsequently filed a motion for summary judgment on the remaining claims (Counts I and II), and the Court granted that motion during a hearing held on August 22, 2005, with a brief written order to follow.

## FACTUAL BACKGROUND

Plaintiff, a lineman, worked as an hourly employee for Defendants and was injured on the

job. Defendants had two plans for hourly employees, the GTE Plan for Group Insurance under which Plaintiff seeks long-term disability benefits (the LTD Plan) and the GTE North Inc. Pension Plan for Hourly-Paid Employee of Illinois under which Plaintiff seeks disability pension benefits (the Pension Plan).

To qualify for benefits, the LTD Plan requires that Plaintiff demonstrate that she is "totally disabled," which is defined as:

> Under the LTD Plan, you're considered totally disabled if you are under a doctor's care because of an illness or injury and:
>
> • During the first 18 months you are absent from work, you're unable to perform the normal duties of your regular job or an alternate job with similar earnings potential for any employer. MetLife will decide this. Also, you must not be working in any other job for pay or profit.
>
> • After the first 18 months you are absent from work, you're completely unable to perform the duties of any job for pay or profit for which you are, or may become, qualified by training, education or experience.

(Doc. 53 at MET00016; *Id*. at LTD00545)[1]  The Pension Plan provides the following definition:

> "Disabled or disability" means the total disability of an Employee as determined by the Committee on the basis of proper medical evidence, whereby the Employee is completely unable to engage in any and every duty pertaining to any occupation or employment for wage or profit for which he is reasonably qualified by training, education or experience, and such total disability can be expected to result in death or to be of long-continued and indefinite duration.

(Doc. 53 at PEN00534)

---

[1] The parties stipulated to the administrative record submitted in this case (*see* Doc. 53). In their papers, both sides cite to this portion of the record as the pertinent language for the LTD Plan (*see* Doc. 52, p. 3; Doc. 60, p. 2). However, this language actually is contained in the LTD Plan's Summary Plan Description. The parties did not submit the actual LTD Plan. Because there is no dispute as to the definition of "totally disabled" with respect to the LTD Plan (contrary to the Pension Plan, as set forth below), the Court will proceed on the record as submitted by the parties.

#### ANALYSIS

Summary judgment is appropriate whenever the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Under ERISA, when a benefit plan confers discretionary authority, a denial of benefits will be reviewed under an arbitrary and capricious standard. *Militello v. Central States, Southeast and Southwest Areas Pension Fund*, 360 F.3d 681, 685 (7th Cir. 2004). The parties agree that the arbitrary and capricious standard of review is appropriate in this case. Under the arbitrary and capricious standard, an administrator's decision will not be overturned if "(1) it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, (2) the decision is based on a reasonable explanation of relevant plan documents, or (3) the administrator has based its decision on a consideration of the relevant factors that encompass important aspects of the problem." *Militello*, 360 F.3d at 686 (internal quotations omitted). However, courts have held that a factor to be weighed in the determination is whether there was a conflict of interest for the administrator. *See, e.g., Sullivan v. LTV Aerospace and Defense Co.*, 82 F.3d 1251, 1255 (2d Cir. 1996); *Cook v. New York Times Co. Long-Term Disability Plan*, No. 02 Civ. 9154 (GEL), 2004 WL 203111 (S.D.N.Y. Jan. 30, 2004) (stating that "the *de novo* standard is restored where the administrator is determined to have operated under a conflict of interest").

While the Seventh Circuit has explicitly rejected a change from the "arbitrary and capricious" standard of review, it has also suggested adding "more bite" to the review when there is a conflict of interest. *O'Reilly v. Hartford Life & Acc. Ins. Co.*, 272 F.3d 955, 960 (7th Cir. 2001); *Chojnacki v. Georgia-Pacific Corp.*, 108 F.3d 810, 815 (7th Cir. 1997). Evidence — outside of

procedural issues, such as exhaustion of administrative remedies — is properly limited to the evidence before the administrator when it made its decision. *Militello*, 360 F.3d at 686. Thus, this Court must rely on the administrative record.

While Circuit Judge Diane Wood has voiced her opinion that the existence of a conflict of interest is a mixed question of fact and law, the Seventh Circuit courts and most others have upheld summary judgment rulings given circumstances where there has been a possible conflict of interest. *See generally Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975 (7th Cir. 1999); *and particularly Perlman*, 195 F.3d at 986 (J. Wood dissenting). The parties agree to the basic facts of the case; therefore, the case is appropriate for summary judgment.

In this case, Plaintiff's appeals were reviewed by the Verizon Claims Review Committee (VCRC), which acts as the final appeals fiduciary for both Plans. The Court does not find there to be a conflict of interest in this case. *See Manny v. Central States, Southeast and Southwest Areas Pension and Health and Welfare Funds*, 388 F.3d 241, 242 (7th Cir. 2004) (stating that when trustees of a multi-employer welfare plan are made up equally of union and employer representatives a "conflict of interest is not a concern with respect to [such a] plan, as it sometimes is when an insurance company is both plan administrator and insurer of benefits"). Therefore, this Court's review will be no more stringent than the classic arbitrary and capricious standard set forth above.

Pension Plan

Plaintiff contends that Defendants did not follow the definition of disability in denying her pension benefits. The Court has reviewed the language used by the VCRC in its determination of Plaintiff's claim (*see* Doc. 53 at PEN00032-PEN00038), and the VCRC did in fact use the definition of "disabled" or "disability" as set forth in the Pension Plan. Moreover, as discussed on the record

during the hearing, it is clear that it is the language of the Plan itself that controls and not what may be found in the summary plan description, as suggested by Plaintiff. Defendants have offered a reasoned explanation, based on the evidence in the administrative record, for their denial of Plaintiff's benefits under the Pension Plan. The Court cannot find that the decision was arbitrary or capricious.

### LTD Plan

While Plaintiff believes that Defendants wrongly decided her claim for disability insurance benefits, she does not argue that their decision was arbitrary or capricious (*see* Doc. 60). As with the denial of Plaintiff's claim for pension benefits, Defendants have offered a reasoned explanation, based on the evidence in the administrative record, for their denial of Plaintiff's claim for benefits under the LTD Plan. Accordingly, the Court cannot find that this decision was arbitrary or capricious, either.

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment on Counts I and II (Doc. 51) is **GRANTED**, and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 10/31/05

                                              s/ G. Patrick Murphy
                                              G. PATRICK MURPHY
                                              Chief United States District Judge